Filed 11/16/22  P. v. Shepherd CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094300 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F04840) |
| v. | |
| SHAWN SHEPHERD, | |
| Defendant and Appellant. | |

Over a decade ago, a jury found defendant guilty of, among other things, second degree murder.  The trial court sentenced defendant to 15 years to life in state prison.

In 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437), which amended the rule on murder and allowed those convicted of murder under the former law to seek retroactive relief.  Defendant filed a petition for resentencing.  Applying a sufficiency of the evidence standard at the evidentiary hearing, the trial court denied the petition.

1

On appeal, defendant raises two claims. First, he argues the trial court erred in applying a sufficiency of the evidence standard in denying his petition, and the People agree. Second, he asks us to disqualify the trial judge on remand, arguing the trial judge's order created an appearance of bias.

We agree with the parties on defendant's first contention and remand the case to the trial court for a new evidentiary hearing. However, we find no appearance of bias and decline to disqualify the trial judge on remand.

## I. BACKGROUND

In 2010, a jury found defendant guilty of second degree murder, identity theft, and forgery. The trial court sentenced defendant to 15 years to life in state prison.

After the enactment of Senate Bill 1437 in 2019, defendant petitioned for resentencing. Finding defendant made a prima facie case for relief, the trial court issued an order to show cause. In their motion to dismiss defendant's petition, the People argued Senate Bill 1437 was unconstitutional on several grounds. The People also contended in their response to the trial court's order to show cause that the court should review the petition for sufficiency of the evidence but acknowledged a split of authority among the appellate courts on this issue. But the People made no mention of their right to a jury trial in either brief.

At the evidentiary hearing on April 2, 2021, the trial judge asked whether a beyond a reasonable doubt standard would deny the People's right to a jury trial. The judge explained he noticed this issue when reading an opinion that "was not controlling authority," and had yet to see the appellate courts or our Supreme Court address it. The People responded that "it could in certain circumstances" and agreed with the court that the denial "would be unconstitutional." Defendant's trial counsel concurred, stating the judge was "absolutely correct that [the beyond a reasonable doubt standard] would deny the People sort of a right to a jury trial." Thus, the judge stated he wanted to "make sure that there is sufficient record" before the appellate courts and our Supreme Court to show

2

that "this is something that many of us are dealing with at the trial court level – are concerned about."

After the evidentiary hearing, on April 29, 2021, the trial judge issued a written order denying defendant's petition. The judge concluded a sufficiency of the evidence was the appropriate standard to apply in reviewing a Penal Code section 1172.6 (former section 1170.95) petition,[1] relying partially on the need to protect the People's right to a jury trial. Defendant timely appealed.

## II. DISCUSSION

### A.    *Senate Bill 1437*

Both parties agree the sufficiency of the evidence standard applied by the trial court in denying defendant's petition is no longer valid under the amended statute. So do we. We will remand the matter for a new evidentiary hearing.

Senate Bill 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate natural and probable consequences liability for first and second degree murder. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 849.) It added former section 1170.95, which allowed a defendant who was convicted under the former law to petition for resentencing. (§ 1172.6; *People v. Strong* (2022) 13 Cal.5th 698, 708.)

The Legislature later passed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), effective January 1, 2022, amending former section 1170.95 to, among other things, "reaffirm[] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Stats. 2021, ch. 551, § 1, subd. (c).) The amended former section 1170.95, subdivision (d)(3) added: "A finding that there is

---

[1] Further statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.)

substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Stats. 2021, ch. 551, § 2.) These changes apply to defendant's case. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006-1007; *People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

Here, the trial court applied a sufficiency of evidence standard in denying defendant's petition, which is no longer valid under the amended statute. We will remand the matter for a new evidentiary hearing.

B.      *Disqualification*

Defendant further asks us to disqualify the trial court judge and assign the matter to a new judge on remand. While conceding the record does not demonstrate actual bias, defendant argues the trial judge "on [his] own initiative raised and briefed the issue of the state's jury trial right," creating an appearance of bias. We disagree.

Code of Civil Procedure section 170.1, subdivision (c) requires a reviewing court to consider, upon request by a party, "whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." This power must be exercised "sparingly, and only when the interests of justice require it." (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079.) Disqualification may be ordered "when necessary to dispel the appearance of bias, for example, when the record shows the trial judge became embroiled or personally invested in the outcome of the proceedings." (*Ibid.*) Proper grounds for disqualification include "where a reasonable person might doubt whether the trial judge was impartial [citation], or where the court's rulings suggest the 'whimsical disregard' of a statutory scheme." (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303.) But "[m]ere judicial error does not establish bias and normally is not a proper ground for disqualification." (*LaBlanc, supra*, at p. 1079.)

Here, the trial judge's inquiry into the People's right to a jury trial was a good faith attempt to resolve a then-novel issue created by Senate Bill 1437. (See *People v.*

4

*Duchine* (2021) 60 Cal.App.5th 798, 811 ["Since Senate Bill 1437 was adopted and its mechanism for retroactive application has come into play through the filing of section [1172.6] petitions, many questions have arisen about that process and percolated up through appeals from resentencing decisions"].) At the time, the trial judge faced competing appellate decisions regarding the appropriate standard of review at the evidentiary hearing. The judge noted a beyond a reasonable doubt standard could infringe the People's right to a jury trial from his research and gave both parties an opportunity to address this issue. Both sides agreed with the judge. In fact, the most resolute support came from defense counsel, who stated the judge was "absolutely correct that" a beyond a reasonable doubt standard "would deny the People sort of a right to a jury trial." Recognizing this was a novel, unresolved issue, the trial judge decided to present a sufficient record for the appellate courts to understand the constitutional question created by Senate Bill 1437 that "many of us are dealing with at the trial court level." Following the hearing, the judge issued a detailed order explaining his rationale for applying the sufficiency of the evidence standard. Nothing in the record shows any bias or personal investment in the outcome by the trial judge. Instead, it demonstrates the judge's efforts in resolving legal issues. Although the decision was erroneous in light of subsequent legislation, it is not ground for disqualification.

Defendant urges us to follow our decision in *People v. Dutra* (2006) 145 Cal.App.4th 1359 to disqualify the trial judge, without explaining why *Dutra* is comparable to the instant matter. *Dutra* offers no support for defendant's position. The trial judge there disobeyed our remittitur and denied defense counsel an opportunity to explain or brief her position. (*Id.* at pp. 1361, 1369.) Under these circumstances, we found disqualification of the trial judge was necessary to "forestall any claim of undue embroilment." (*Id.* at p. 1369.) The instant case is not analogous in the slightest to *Dutra*. We reject defendant's request to disqualify the trial judge on remand.

5

## III. DISPOSITION

The trial court's order denying the petition is vacated, and the matter is remanded for a new evidentiary hearing under section 1172.6. Defendant's request to disqualify the trial judge and assign the matter to a new judge on remand is denied.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

KRAUSE, J.

6